UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JOHN APGAR,

          Petitioner,

   v.                                                              25-CV-513 (JLS) (JJM)

SHANE CHRISTOPHER BUCZEK,
DEBORAH A. BUCZEK, JOHN DOE,
AND JANE DOE,

          Respondents.

_____

### DECISION AND ORDER

In a Petition in Evans Town Court, sworn to on April 2, 2025 and subsequently transferred to Buffalo City Court, Petitioner John Apgar, as the "owner and landlord of the real property commonly known as 7335 Derby Road, Evans, New York 14047[,]" sought possession of the premises pursuant to New York Real Property Actions and Proceedings Law Section 713 and "the issuance of a warrant to remove Respondents-Occupants" from the premises. *See* Dkt. 1 at 6, 11-12.[1] Respondents removed that proceeding to this Court on June 16, 2025. Dkt. 1.

On October 23, 2025 Respondents filed a motion seeking "entry of Default Summary Judgment and dismissal of all claims with prejudice." *See* Dkt. 6 at 2. This Court referred the case to United States Magistrate Judge Jeremiah J. McCarthy for all proceedings under 28 U.S.C. §§ 636(b)(1)(A), (B), and (C). Dkt. 7.

_____

[1] Page number refer the CM/ECF generated numbering in the header of each page.

On October 30, 2025, Judge McCarthy issued a Report and Recommendation ("R&R") recommending that "that this action be remanded to Buffalo City Court, that the Buczeks' motion for dismissal [6] be denied for lack of subject matter jurisdiction, and that the Buczeks be ordered to show cause why they should not be enjoined from making further filings in this court absent prior court approval." *See* Dkt. 8 at 7.

Respondents objected to the R&R. Dkt. 9. They argue that the "R&R should be rejected because: (1) it omits any analysis of removal under 18 U.S.C. § 1443(1); (2) it misapplies the well-pleaded complaint rule by ignoring embedded and substantial federal questions under *Grable & Sons Metal Product, Inc. v. Darue Engineering*, 545 U.S. 308 (2005) and *Gunn v. Minton,* 568 U.S. 251 (2013); (3) it treats live federal due process objections as mere 'defenses,' contrary to controlling precedent; and (4) it recommends sanctions without the particularized findings of subjective bad faith mandated by the Second Circuit for court-initiated Rule 11 proceedings." *Id.* at 1-2.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985).

This Court carefully reviewed the R&R, the objections, and the relevant record. Based on its *de novo* review, the Court accepts and adopts Judge McCarthy's recommendation.

As such, Respondents' [6] motion is DENIED for lack of subject matter jurisdiction and the case is REMANDED to Buffalo City Court.

This Court, however, will retain jurisdiction of the parties solely to address the sanctions issue. That matter is referred back to Judge McCarthy to issue the order to show cause, as discussed in the R&R, and to make a further report and recommendation to this Court.

SO ORDERED.

Dated:     December 12, 2025
           Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE